NO. 07-01-0055-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 4, 2001

______________________________

JOSE O. MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 286
TH
 DISTRICT COURT OF HOCKLEY COUNTY;

NO. 95-01-4169; HONORABLE ANDREW J. KUPPER, JR., JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On February 5, 2001, a copy of a Notice of Appeal in cause No. 95-01-4169 in the 286th
 District Court of Hockley County, Texas (the trial court), was filed with the clerk of this court.  The document filed gives notice that Jose O. Martinez desires to appeal from some action of such court and cause number.  On February 22, 2001, a docketing statement was filed with the clerk of this court which sets out that the appeal is from a judgment or order dated September 16, 1999.  

On May 3, 2001, the clerk of this court received a notice from the trial court clerk that the clerk’s record has not been paid for, and that the record will not be forwarded to the appellate court for filing.  The appellate clerk’s record reflects no other action by any party to the appeal to prosecute the appeal.  

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 
37.3(a)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk’s record furnished without charge; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk’s record will be promptly filed and that the appeal will be diligently pursued. 

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk’s record of proceedings on remand; (3) cause the hearing proceedings to be transcribed and included in a reporter’s record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the clerk’s record on remand or the reporter’s record.  In the absence of a request for extension of time from the trial court, the clerk’s record on remand, reporter’s record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 15, 2001. 

Per Curiam

Do not publish.